GANSSER *v.* VANDERVEEN.

1. MUNICIPAL CORPORATIONS—VILLAGE ATTORNEY—APPOINTMENT—PUBLIC OFFICERS.

Unless the common council of a village organized under the general law (1 Comp. Laws, § 2700, 3 How. Stat. [2d Ed.] § 5919), creates or establishes the office of village attorney by resolution or by ordinance, the village president has no authority to appoint an attorney: the sole power of employing an attorney is in the council.

2. SAME—COMPENSATION—MANDAMUS.

Where the president of the village of East Grand Rapids announced to the council that he did not deem it necessary to hire a village attorney by the year, and the council thereupon adopted a motion to employ relator for the year 1912 at a salary, no village attorney having been provided for by ordinance or resolution, relator was entitled to the writ of mandamus to compel the president and clerk to sign an order on the treasurer for his compensation.

3. COSTS—MANDAMUS—MUNICIPAL CORPORATIONS.

    On mandamus proceedings to compel the president and clerk of a village to sign an order for the salary of an attorney, employed by the village, costs will be allowed only against the president who refused to sign the order, not as against the clerk who had signed it.

Certiorari to Kent; Perkins, J. Submitted February 18, 1913. (Calendar No. 25,442.) Decided July 18, 1913.

Mandamus by Emil B. Gansser against Harry Vanderveen, president, and Charles F. Sargeant, clerk, of the village of East Grand Rapids, to compel respondents to sign and deliver to relator an order on the village treasurer. An order granting the writ is reviewed by respondents on writ of certiorari. Affirmed.

*Emil B. Gansser (Charles E. Ward,* of counsel), *in pro per.*

*Smedley, Linsey & Lillie,* for respondents.

PER CURIAM. Respondents by writ of certiorari bring this case here to review and reverse the action of the Kent circuit court in certain mandamus proceedings had before it. The facts in the case are stipulated.

The dispute arises between relator, who claims that he was employed as attorney for the village of East Grand Rapids for the year ensuing May 20, 1912, and respondents Vanderveen, president, and Sargeant, clerk, of said village, in relation to the refusal of respondents to sign and deliver to relator an order upon the treasurer of said village for pay for his services for three months as such village attorney.

The village of East Grand Rapids was, by operation of law, reincorporated under the provisions of the general act for the incorporation of villages in this

State, being Act No. 3 of the Public Acts of 1895, and has since continued in the exercise of its powers and privileges under said act. The legislative authority of the village is vested in the council, consisting of a president and six trustees, elected thereto, and the village clerk is clerk of the council. Relator had acted as village attorney for this village for several years prior to 1912. May 15, 1907, he was employed by the council for one year as attorney for the village at a specified salary. In the four years following, when the village presidents presented their choice of appointments for office to the council, as required by law, the relator was also designated for village attorney, which designation was adopted, confirmed, and ratified by the council.

The statute in question providing for the appointment of officers by presidents of villages, being section 2700, 1 Comp. Laws (3 How. Stat. [2d Ed.] § 5919), reads as follows:

"The president shall, by and with the consent of the council, appoint a village marshal and a street commissioner, and such other officers as shall be provided for by resolution or ordinance of the council, and the council may, from time to time, provide by ordinance or resolution for the appointment of such other officers, whose election or appointment is not herein specially provided for, as they shall deem necessary for the execution of the powers granted by this act, and the powers and duties of such officers shall be prescribed by the council."

The act does not provide for the office of village attorney, and the village council has not created or established such office, either by ordinance or resolution.

At a meeting of the council held May 20, 1912, respondent Vanderveen read the following communication:

"Inasmuch as it is not necessary for the village to be at the expense of hiring a village attorney, hired by the year, I deem it for the public interest that Emil

B. Gansser be removed from said office, and under the authority of the statute, I do therefore remove said Emil B. Gansser from the office of village attorney.

[Signed]    "HARRY VANDERVEEN,
"President."

After this communication was read, the following motion was made by one of the trustees and duly supported:

"Moved that Emil B. Gansser be employed for the year 1912 as village attorney and the salary be fixed the same as the past year."

This motion was put by respondent Vanderveen, who presided, and four trustees voted in favor of it. Thereupon respondent declared the motion carried. This respondent claims he put this motion under protest, and after he declared it carried he gave notice that he would not appoint relator.

At the council meeting held August 18, 1912, relator's bill for services for the months of May, June, and July was presented to the council and a motion to pay the bill, duly supported, was made by one of the trustees, put by respondent Vanderveen, and four trustees voted in favor of it. The said respondent declared it carried, after which he would not sign the order for it because relator was not attorney for the village. Upon request by relator respondents each refused to sign the order. It appears that later respondent Sargeant, as village clerk, signed it. Afterwards relator began proceedings before the circuit court for Kent county, in mandamus, asking for an order to show cause why a peremptory writ should not issue against these respondents, and that they be compelled to issue the order and sign it in their official capacities.

Respondents contend before this court that the court below was in error in granting such writ for the following reasons:

(a) That relator was never appointed village at-

torney in East Grand Rapids; *(b)* that the action of said village council in attempting to appoint relator as village attorney was illegal and void; *(c)* that under the laws of the State of Michigan relator could only be appointed by the village president with the consent of the council of said village.

The principal and only question necessary to be considered is the last one relied upon by respondents. The statute quoted is not ambiguous. It makes provision that—

"The president shall, by and with the consent of the council, appoint a village marshal and a street commissioner, and such other officers as shall be provided for by resolution or ordinance * * * from time to time."

It is admitted that the village council has not created or established the office of village attorney, either by resolution or ordinance. It follows that the statute gives to the village president no authority to appoint a village attorney. The services of a village attorney could be secured for the village of East Grand Rapids only through the action of its council.

The action which the council took immediately following the communication of the president that he had removed the relator from his office was regular, and by it the relator was employed as attorney for the village for the period indicated. Whether the action of the president in announcing the removal by him of relator as village attorney was regular or not is not a question for us to consider. The fact that for the four years next preceding 1912 the then president each year presented relator's name for appointment as village attorney, or that he put the motion by which relator was employed under protest, is of no consequence. In each instance his employment was effected by the village council, the only body having authority to act in the premises. Under such employment he was entitled to the compensation fixed by

the council. The circuit court was not in error in granting a peremptory writ of mandamus, and its action is affirmed.

In view of the fact that respondent Sargeant has signed the order in question, the costs of this court will be allowed only against respondent Vanderveen.